LAW OFFICES OF DAVID P. GARDNER
David P. Gardner, Esq. (SBN 123787)
755 Baywood Drive, 2nd Floor
Petaluma, CA 94954
Telephone: (707) 774-3085
Facsimile: (707) 665-5291

Attorney for Debtors/Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>GARRET ALLAN MOORE<br>SUSAN MARIE MOORE,<br>　　　　Debtors.<br>_____<br>GARRET ALLAN MOORE<br>SUSAN MARIE MOORE,<br>　　　　Plaintiffs,<br>　　vs.<br>ACS EDUCATION SERVICES, KEYBANK, N.A., NCO FINANCIAL, and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1<br>　　　　Defendants. | Chapter 13 Case No. 11–13325<br><br><br><br><br><br>Adversary Proceeding No. 13–1174<br><br>**FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF A CERTAIN DEBT AS A MEDICAL LOAN AND NOT A STUDENT LOAN** |

Plaintiffs Garret Allan Moore and Susan Marie Moore ("Plaintiffs"), allege as follows:

## JURISDICTION & VENUE

1. This adversary proceeding is one arising in the Chapter 13 case of Plaintiffs, Case Number 11–13325, now pending in this Court. This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157, 1334.

1

2. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(F), is brought under 11 U.S.C. §§523(a)(8)(A)(I), 523(a)(8)(A)(ii), 523(a)(8)(B) & FRBP Rule 7001(2).

3. Venue is proper under 28 U.S.C. §1409(a).

## GENERAL ALLEGATIONS

4. On August 31, 2011, Plaintiffs filed a Voluntary Petition for relief under Chapter 13. David Burchard is the duly appointed and acting Trustee.

5. Plaintiffs are informed and believe and thereon allege that defendant ACS ("Defendant ACS") is a business entity with a principal place of business outside the State of California, conducting business as a lender in the State of California.

6. Plaintiffs are informed and believe and thereon allege that defendant KeyBank, N.A. ("Defendant KeyBank") is a business entity with a principal place of business outside the State of California, conducting business as a lender in the State of California.

7. Plaintiffs are informed and believe and thereon allege that defendant NCO Financial Services, Inc. ("Defendant NCO") is a business entity with a principal place of business in California, conducting business as a debt collector in the State of California.

8. Plaintiffs are informed and believe and thereon allege that defendant National Collegiate Student Loan Trust 2003-1 ("Defendant Trust") is a business entity, form unknown, doing business in the State of California.

## FIRST CLAIM FOR RELIEF
**[11 U.S.C. §523(a)(8)(A)(I), 11 U.S.C. §523(a)(8)(A)(ii), 11 U.S.C. §523(a)(8)(B)]**

9. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 8 as if fully set forth herein.

10. On or about 08/04/2003 Plaintiffs entered into a loan agreement with defendant ACS, pursuant to which defendant ACS loaned Plaintiffs $58,534.72 for the purpose of paying for their son's residential medical treatment and drug rehabilitation program (the "ACS Loan").

11. Plaintiffs are informed and believe that Defendant KeyBank and Defendant NCO claim some right, title or interest in ownership and/or repayment of the ACS Loan.

///

2

12. Plaintiffs are informed and believe and thereon allege that at some point the ACS Loan was sold, assigned and/or otherwise transferred to Defendant Trust, and that Defendant Trust claims some right, title or interest in ownership and/or repayment of the ACS Loan.

13. When Plaintiffs inquired about obtaining the ACS Loan, Plaintiffs were told that the Loan was a medical "Achiever Loan" loan, and that the ACS Loan was tax-deductible as a medical expense. Plaintiffs in fact took a medical expense deduction from their taxes for the ACS Loan. Plaintiffs were never told that the ACS Loan was a student loan.

14. The ACS Loan was for the purpose of the medical care of the Debtors' dependent son and was tax-deductible as such pursuant to IRC section 213(a).

15. Plaintiffs attempted to consolidate the ACS loan, but were declined because the loan was a private money loan and not federally guaranteed.

16. The ACS Loan from Defendant ACS to Plaintiffs was not a non-dischargeable student loan within the meaning of:

    a. 11 U.S.C. sec. 523(a)(8)(A)(i), in that the Loans are not insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution;

    b. 11 U.S.C. sec. 523 (a)(8)(A)(ii), in that the Loans are not an obligation to repay funds received as an educational benefit, scholarship or stipend;

    c. 11 U.S.C. sec. 523(a)(8)(B), in that the Loans are not "qualified education loans" within the meaning of the Internal Revenue Code 28 USC sec. 221(d)(1).

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SECOND CLAIM FOR RELIEF
Fraudulent Inducement

17. Plaintiffs reallege and incorporate by reference paragraphs 1 through 16 set forth above.

18. Defendants intentionally and deliberately misrepresented that the ACS loan was a medical "Achiever Loan" and not a student loan.

3

19. But for said intentional misrepresentations by Defendants, Plaintiffs would not have entered into the ACS Loan.

20. Plaintiffs relied to their detriment on the intentional misrepresentations of material facts by Defendants.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF
Misrepresentation

21. Plaintiffs reallege and incorporate by reference paragraphs 1 through 16 set forth above.

22. Defendants misrepresented that the ACS loan was a medical "Achiever Loan" and not a student loan.

23. But for said misrepresentations, Plaintiffs would not have entered into the ACS Loan.

24. Plaintiffs relied to their detriment on the misrepresentations of material facts by Defendants.

WHEREFORE, Plaintiffs pray the Court enter judgment finding and declaring that:

1. The ACS Loan is a medical debt and not a non-dischargeable student loan within the meaning of 11 U.S.C. §523(a)(8)(A)(I), 11 U.S.C. §523(a)(8)(A)(ii), or 11 U.S.C. §523(a)(8)(B);
2. The ACS Loan is dischargeable as unsecured, non-priority medical debt;
3. Any balance remaining on the ACS Loan shall be discharged upon Plaintiffs' completion of their Chapter 13 Plan and entry of the discharge order;
4. Any timely-filed proof of claim of Defendant ACS, Defendant KeyBank, N.A., Defendant NCO or Defendant National Collegiate Student Loan Trust 2003-1 be treated as a general unsecured non-priority claim under the Plan, and any objections by Plaintiff to such a claim will be heard as a contested matter;
5. Awarding Plaintiffs their costs of suit; and

///

///

6. Granting Plaintiffs such other relief as is just and proper.

Dated: March 6, 2014   /s/ *David P. Gardner*
David P. Gardner, Esq.
Attorney for Debtors/Plaintiffs